IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BEVERLY FLORES,** | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 08-CV-00308-MJR-DGW |
| **FLYING J, INC.,** | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

The matter before the Court is Plaintiff Beverly Flores's motion for discovery sanctions under Federal Rule of Civil Procedure 37(c) (Doc. 31). In this discrimination action, plaintiff Beverly Flores alleges defendant Flying J violated Title VII of the Civil Rights Act of 1964 *via* the Pregnancy Discrimination Act by terminating her position as a cashier because she was pregnant. *See* Civil Rights Act of 1964 §§ 701(k), 703, 42 U.S.C. §§ 2000e(k), 2000e-2 (2006). A jury trial is set to take place on March 15, 2010.

From the outset, the parties have taken opposite positions about how Flores's and Flying J's employment relationship ended—Flores insists she was terminated, but Flying J maintains Flores "voluntarily resigned." Accordingly, Flying J consistently maintained Flores quit her job during discovery. In Flying J's initial Rule 26(a) disclosures, it identified John Mourton, the company's former general manager, as someone with discoverable information relating to "plaintiff's voluntary resignation" (Doc. 31-1). Flying J provided Flores with interrogatory answers that stated John Mourton would testify that "he did not terminate plaintiff, but that she

1

resigned from her position" and that four other witnesses would provide similar testimony (Doc. 31-2).

On October 21, 2008, Flores deposed Mourton (Doc. 31-3). Mourton testified that Flores called him and said she was not coming back to work, and then called him again three days later and asked for her job back. Before she called him back, he had not officially terminated Flores's employment, so he instructed her to call her supervisor so that she could be placed back on the schedule. (*Id.*) Mourton additionally testified that when Flores first called and said she wasn't coming back to work, he did not consider her to have resigned. (*Id.*) In addition to questioning Mourton, Flores's counsel also showed him Flying J's position statement it submitted to the EEOC before Flores filed this lawsuit. The author of that statement stated, in pertinent part, that Mourton "immediately accepted [Flores's] resignation." (*Id.*) Mourton then testified that he disagreed with that statement because "he did not feel [Flores] was resigning, quitting, leaving or going away." (*Id.*)

Mourton's deposition testimony prompted Flores's pending motion for sanctions, which she filed approximately fifteen months after Mourton was deposed. Flores contends Flying J violated Federal Rule of Civil Procedure 26(e) by failing to supplement, amend or withdraw its initial disclosures and interrogatory answers stating Flores "resigned" because Mourton provided contrary testimony (Doc. 31). Flores consequently seeks an order imposing sanctions against Flying J in accordance with Federal Rule of Civil Procedure 37(c). She argues sanctions are mandatory because Flying J failed to provide "truthful" and "accurate" information during discovery about how Flores's employment relationship with Flying J ended, and also failed to supplement its initial disclosures and answers, which Flying J "now knows are false" (Docs. 31, 33).

2

Flying J opposes Flores by arguing (1) Flores failed to resolve her "discovery dispute" with it before moving for sanctions, and, therefore failed and certify that she made a good faith attempt to obtain the supplemented responses in accordance with Rule 37(d)(1)(B); (2) Flying J truthfully represented that Flores "resigned" in its Rule 26 disclosures and interrogatory answers, notwithstanding Mourton's testimony, because Flores told Mourton she was not coming back to work and then failed to call her supervisor so that she could be placed back on the schedule.[1] Notwithstanding, the Court need not reach Flying J's arguments because the plain language of the applicable Federal Rules of Civil Procedure show discovery sanctions are inappropriate in this case.

Federal Rule of Civil Procedure 26(e)(1)(A) states:

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response[] . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, *and if the additional or corrective information has not otherwise been made known* to the other parties during the discovery process or in writing . . . .

Fed. R. Civ. P. 26(e)(1)(A) (emphasis added). Federal Rule of Civil Procedure 37(c)(1) states:

> If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless*. In addition to or instead of this sanction, the court on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure, and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

---

[1] Flying J's response to Flores's motion largely focuses on documents Flying J used *in preparing* its initial disclosures, including a written statement from Mourton. Flores, however, is contesting Flying J's decision not to *amend* those disclosures and its interrogatory answers in accordance with Federal Rule of Civil Procedure 26(e).

Fed. R. Civ. P. 37(c)(1) (emphasis added). The text of Rule 26(e)(1)(A) makes clear that although parties must supplement their discovery responses that contain incorrect or incomplete information, their duty is absolved if the inaccurate information has "otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A); *Gutierrez v. AT & T Broadband, LLC*, 382 F.3d 725, 733 (7th Cir. 2004) (Rule 26(e) "amendments are required only in certain circumstances, such as when the additional information 'has not otherwise been made known to the other parties during the discovery process . . . .'") (alteration in original)); *see also Westefer v. Snyder*, 422 F.3d 570, 584 (7th Cir. 2005) (party's failure to amend their interrogatory answers was excused in light of the "otherwise clause" in Rule 26(e) since the information at issue was previously provided to the opposing party; therefore, "there was no unfair surprise" caused by their failure to amend). It would have been prudent for Flying J to supplement their interrogatory answers and disclosures that related to Mourton after Flores took his deposition.[2] But its decision not to do so did not violate Rule 26(e) because Flores "otherwise" discovered the discrepancy surrounding Mourton's opinion about how Flores left Flying J during the "discovery process." Fed. R. Civ. P. 26(e)(1)(a). Despite Flores's contention, Flying J was not required to amend its answers under these circumstances. *Id.*; *Gutierrez*, 382 F.3d at 725.

---

[2] It is not clear whether Flores's argument is that Flying J should have supplemented *all* of its initial disclosures and interrogatory answers that state Flores voluntarily resigned, or, only the responses that concern what John Mourton. The record before the Court shows Flying J has not changed its position that Flores was not terminated because there are witnesses other than Mourton who will testify to that fact. Consequently, even if the Court had determined Flying J should have supplement its disclosures and interrogatory answers, its order would have concerned only those relating to Mourton.

4

Additionally, even if the Court had found Flying J's failure to amend its disclosures and discovery documents violated Rule 26, sanctions would not lie because its failure to do so was "harmless." Fed. R. Civ. P. 37(c)(1). "The determination of whether a failure is harmless or justified is left to the broad discretion of the district court." *Westefer*, 422 F.3d at 584 n.21. The Seventh Circuit does not require district courts to make "explicit findings" about whether a violation of Rule 26(e) is "harmless." *David v. Caterpillar, Inc.*, 324, F.3d 851, 857 (7th Cir. 2003) (*quoting Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 984, 993 (10th Cir. 1999)). It must instead consider "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.* at 857 (citations omitted).

Flores is not prejudiced in any way by Flying J's failure to supplement its discovery document because witnesses other than Mourt will aver on behalf of Flying J that Flores quit voluntarily[3]. Flores discovered Mourton's opinion about Flores's alleged resignation in October of 2008—approximately seventeen months before the March 2010 trial date, and long before the dispositive motion deadline had expired. Accordingly, the information at issue will not impede the trial. Finally, the Court does not find Flying J made its decision not to supplement its discovery documents in "bad faith." As noted above, Flying J could have amended the information about which Mourton will testify; however, its failure to do so was not made as a result of any improper motive. Flying J still Maintains Mourton's trial testimony will show Flores called him to say she was not coming back to work, and then failed to call back to be placed on its schedule, even though Mourton does not personally consider her to have

---

[3] *See* Statement of Tanya Koch, Doc. 32-1 at 17, Statement of Marc Hubbard, Doc. 32-1 at 16.

"resigned." Any inconsistencies in Flying J's position are appropriate for vetting at trial, not sanctions.

For the foregoing reasons, Flores's motion for sanctions (Doc. 31) is **DENIED.**

**IT IS SO ORDERED.**

**DATED March 9, 2010.**

                                                    **s/ Michael J. Reagan**
                                                    **MICHAEL J. REAGAN**
                                                    **United States District Judge**